FILED ___  RECEIVED ___
ENTERED ___  SERVED ON ___
COUNSEL/PARTIES OF RECORD

DEC 1 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

   *Plaintiff*,

vs.

MICHAEL VILLANI, *et al.*,

   *Defendants*.

3:12-cv-00626-RCJ-VPC

ORDER

This prisoner civil rights action comes before the Court for initial review following upon plaintiff's filing of an application to proceed *in forma pauperis*.

Under Local Rule LSR 2-1, a *pro se* plaintiff must file the complaint on the Court's required civil rights complaint form. In the present case, plaintiff inserted a few pages from the required form within an otherwise handwritten complaint. Plaintiff instead must use the form for the entirety of the complaint.

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would materially impact the analysis of any timeliness issue or other issues in a promptly-filed new action.[1]

---

[1] Plaintiff's claims would appear to necessarily imply the invalidity of his conviction in C159515 in the Eighth Judicial District Court in Nevada. The original judgment of conviction was filed on March 17, 2000, and an amended judgment adding additional credit for time served was filed on August 12, 2010. In the present civil rights action, even allegations challenging denials of state and/or federal post-conviction relief appear to be based in substantial part upon the underlying alleged "jurisdictional" invalidity of the conviction itself. In assessing the impact of a dismissal without prejudice of the present action, this Court takes judicial notice that it has denied three federal habeas petitions by petitioner; and the Court of Appeals has denied a

1   IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new complaint on the required civil rights complaint form in a new action under a new docket number with either payment of the filing fee or a properly completed pauper application, with new financial attachments.

IT FURTHER IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED without prejudice as moot in this action.

The Clerk of Court shall send plaintiff two copies each of a civil rights complaint form and a pauper application form, along with one copy of the instructions for each form and of the papers submitted in this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:  December 10, 2012.

_____
ROBERT C. JONES
Chief United States District Judge

---

certificate of appealability in all three cases. See Nos. 2:07-cv-00014-RLH-GWF, 3:11-cv-00027-RCJ-RAM, and No. 3:11-cv-00587-LRH-WGC. The claims presented in the current complaint therefore either: (a) are not cognizable in a federal civil rights action, either as an effort to collaterally challenge the judgment of conviction itself or as an attempt to collaterally attack other judgments in state or federal post-conviction proceedings; or (b) to the extent that any claims *arguendo* instead are cognizable outside of a habeas action, either (i) have sufficient time remaining in the two-year limitations period to file a new properly-commenced action; or (ii) have become time-barred absent substantial tolling separate and apart from the time interval between this action and a promptly-filed new action. A dismissal without prejudice of the present action would not materially impact the consideration of such issues in a promptly-filed new action.